Ruth A. Shapiro, 9356
Bryson R. Brown, 14146
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 521-9000
Fax:  (801) 363-0400
ras@scmlaw.com
bb@scmlaw.com
*Attorneys for Conagra Brands, Inc. and
Conagra Foods, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ADAM LINDQUIST and SASHA KILPACK,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., an Illinois Corporation, CONAGRA BRANDS, INC., a Delaware Corporation, and CONAGRA FOODS, INC., a Delaware Corporation,<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS OR, ALTERNATIVELY, TO EXTEND DISCOVERY DEADLINES**<br><br>Case No.: 2:20-cv-00733-JNP-JCB<br><br>Magistrate Judge Jared C. Bennett<br><br>District Judge Jill N. Parrish |

Defendants, through counsel, hereby move for an order dismissing Plaintiffs' claims with prejudice or, alternatively, extending the time to complete discovery, stating as follows:

### I.      BACKGROUND FACTS

This case involves personal injury claims against Conagra Brands, Inc. and Conagra Foods, Inc. ("Conagra") and Walgreen Co. ("Walgreen") alleging that the three companies were involved in the manufacture or distribution a buttery toffee popcorn product infested with ants, which

Plaintiffs consumed, allegedly resulting in "extreme emotional distress, loss of enjoyment of life, psychological harm, trauma, and other negative health-related consequences."[1]

Plaintiff Adam Lindquist also alleges that eating the ants resulted in the development of a wound on his left leg caused by Methicillin-resistant Staphylococcus aureus (MRSA) or other bacteria.[2] According to the Mayo Clinic, risk factors for MRSA include being hospitalized, having an invasive medical device, residing in a long-term care facility, participating in contact sports, living in crowded or unsanitary conditions, men having sex with men, having HIV infection, and using illicit injected drugs.[3]

Conagra and Walgreen served written discovery requests on Plaintiffs on May 14, 2021.[4] The requests generally sought the identity of Plaintiffs' medical providers, including those providers who had treated Plaintiffs for conditions allegedly caused by the alleged ant consumption and those who had treated Plaintiffs before the alleged ant consumption, and to determine whether Mr. Lindquist had engaged in any activities, other than eating the ants, that put him at risk for a MRSA infection. Responses to the requests came due on June 14, 2021.[5]

On June 9, 2021, Plaintiffs' attorneys moved to withdraw from the case.[6] The Court granted the motions on June 10, 2021. The Court's order further provided that "Plaintiffs or new counsel for Plaintiffs must file a Notice of Appearance within twenty-one (21) days after the entry of this Order, no later than July 1, 2021. Failure to file such notice of appearance of counsel or notice of

---

[1] Docket no. 2-1, pp. 4-8.
[2] *See* Exh. A, Adam Lindquist Medical Records
[3] https://www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336.
[4] Exh. B, Defendants' First Set of Written Discovery Requests
[5] See Fed. R. Civ. Proc. 33 and 34 (providing 30 days to respond to interrogatories and requests for production of documents).
[6] Docket nos. 14 and 15.

pro se appearance may result in sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 16(f)(1), including but not limited to dismissal or default judgment."[7] Plaintiffs have not appeared *pro se*, nor has an attorney appeared on their behalf.[8]

Plaintiffs, to date, also have not provided Conagra or Walgreen with responses to the written discovery requests, which, in turn, has prevented Defendants from moving forward with other discovery items, such as issuing subpoenas to medical providers or taking Plaintiffs' depositions.

## II.    ARGUMENT

### A.  The Court should dismiss Plaintiffs' claims with prejudice.

"Within twenty-one (21) days after entry of the order, or within the time otherwise required by the court … any individual whose attorney has withdrawn shall file a notice of pro se appearance or new counsel shall file an appearance on that party's behalf."[9] "An unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[10]

"'To determine whether sanctioning a party is appropriate, courts consider the following factors … (1) the degree of actual prejudice to the [compliant party]; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; ... (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; ... and

---

[7] Docket no. 16.
[8] Docket, *passim*.
[9] DUCivR 83-1.4(e)(3).
[10] DUCivR 83-1.4(e)(5)

(5) the efficacy of lesser sanctions.'"[11] "[A] party's actions prejudice the opposing party when they result in delay, significant attorneys' fees, or prolong the effect of 'stigmatizing allegations.'"[12] As discussed below, these factors weigh in in favor of dismissing Plaintiffs' claims with prejudice.

Plaintiffs' actions have delayed proceedings, prolonged the effects of stigmatizing allegations, and otherwise interfered with the judicial process. Plaintiffs have not participated in the litigation since their attorneys withdrew on June 10, 2021. They have not responded to discovery, nor have they appeared *pro se* or with counsel, as required by the Court's June 10, 2021 order. This nonparticipation has delayed proceedings by preventing Defendants from moving forward with additional discovery, such as issuing subpoenas to Plaintiffs' medical providers or taking Plaintiffs' depositions. This delay is especially prejudicial, since the case involves allegations of food contamination, which, for a food manufacturer or distributor, is about as stigmatizing as an allegation can get. Accordingly, the first two *Ehrenhaus* factors weigh in favor of dismissal with prejudice.

Plaintiffs, not their attorneys, are culpable for their nonparticipation. Plaintiffs' attorneys withdrew from the case on June 10, 2021. The onus, therefore, was on Plaintiffs to find new counsel or appear *pro se* by July 1, 2021. They did neither. Plaintiffs' counsels' withdrawal, moreover, does not excuse Plaintiffs' failure to provide responses to written discovery requests. The reason for this is simple. Plaintiffs are in the best position to provide responsive information, as they – better than anyone else, including their attorneys – are familiar with their medical history,

---

[11] *Derma Pen, LLC v. 4EverYoung Ltd.*, No. 2:13-CV-00729-DN, 2016 WL 4532106, at *1–2 (D. Utah Aug. 29, 2016) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).
[12] *Id.* at *2.

their history of being confined in rehab facilities or prisons, and their drug-use history. Accordingly, the third *Ehrenhaus* weighs in favor of a dismissal with prejudice.

The Court, moreover, warned Plaintiffs that failure to appear *pro se* or hire new counsel could result dismissal.[13] Plaintiffs, however, ignored this warning and failed to appear or appoint new counsel by the July 1, 2021 deadline. Accordingly, the fourth *Ehrenhaus* factor weighs in favor of a dismissal with prejudice.

Finally, a lesser sanction will not suffice. Plaintiffs already have ignored one of the Court's orders, and there is no indication that issuance of additional orders, such as orders to compel responses to written discovery, will spur Plaintiffs into participating in the case. A dismissal without prejudice, moreover, would reward Plaintiffs' failure to participate in the current litigation by allowing them to bring suit, at their convenience, sometime down the road. The Court should give Plaintiffs a second bite at the apple, especially where Plaintiffs have not shown any proclivity towards prosecuting their claims. Accordingly, the fifth *Ehrenhaus* factor weighs in favor of a dismissal with prejudice.

**B. Alternatively, the Court should extend discovery deadlines to allow Defendants time to conduct discovery delayed by Plaintiffs' failures to participate in discovery or appear in the case.**

Under Fed. R. Civ. Proc. 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."[14] Under the Court's

---

[13] *See* docket no. 16. That the Court's mailing of the order to Plaintiff Sasha Kilpack came back as undeliverable does not alter the analysis. *See* Fed. R. Civ. Proc. 5(b)(2)(C) (stating that service is effective upon mailing to "the person's *last known* address") (emphasis added).
[14] Fed. R. Civ. Proc. 6(b).

current scheduling order, the deadline to complete discovery is July 30, 2021.[15] In the event the Court does not dismiss Plaintiffs' claims, Defendants request that the Court extend: (1) the deadline to complete fact discovery to November 30, 2021; the deadline to complete expert discovery to February 28, 2022; (3) the deadline for Defendants to identify experts to December 31, 2021; and (4) the deadline for Defendants to provide expert reports to January 31, 2022. There is good cause for the request. Plaintiffs ceased participating in in the case. They did not respond to written discovery, and they otherwise failed to appear or appoint new counsel after their attorneys withdrew. Plaintiffs' failures have prevented Defendants from conducting discovery needed to develop their defenses, including issuing subpoenas to Plaintiffs' medical providers (who would have been identified in Plaintiffs' discovery responses) and taking Plaintiffs' depositions. In light of Plaintiffs' delays, Defendants simply need more time to get discovery done, if the case moves forward.

### III.    CONCLUSION

Based on the foregoing, Defendants hereby request that the Court dismiss Plaintiffs' claims with prejudice or, alternatively, extend discovery deadlines.

DATED: 29 July 2021

SNOW CHRISTENSEN & MARTINEAU

/s/ Bryson R. Brown
Ruth A. Shapiro
Bryson R. Brown
*Attorneys for Conagra Brands, Inc. and
Conagra Foods, Inc.*

---

[15] Docket no. 12.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2021, I caused a true and correct copy of the

foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS OR,**

**ALTERNATIVELY, TO EXTEND DISCOVERY DEADLINES**, to be served upon the

following:

Adam Lindquist
14059 South Chardonnay Way
Bluffdale, UT 84065
Adamlindquist8@gmail.com

( ) Via Facsimile
( ) Via Electronic Mail
( ) Via Hand Delivery
(x) Via First-Class Mail
( ) Via Federal Express
( ) Via the Court's Electronic Filing System

Sasha Kilpack
642 South Redwood Road
Salt Lake City, UT 84104
Skilpack7@yahoo.com

( ) Via Facsimile
( ) Via Electronic Mail
( ) Via Hand Delivery
(x) Via First-Class Mail
( ) Via Federal Express
( ) Via the Court's Electronic Filing System